Frank Curtis Lopez

17100B Bear Valley Rd  #290

Victorville, CA  92395

760 208-1549

fclopez@ix.netcom.com

Pro Se

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Frank Curtis Lopez                              Case No.  CV09-03688-RGK (CTx)

               Plaintiff,                     RESPONSE TO ORDER TO REGARDING
RICO CASES

vs.

Cher Koon Teo,

ISDN Holdings Pte,

Kong Deyang,

Maxon Motor AG,

Xin Juan,

Xu Xiuchun,

           Defendants.

   I,  Frank Curtis Lopez   declare as follows:

1.      Defendant Cher Koon Teo and defendant Kong Deyang are alleged to
be in violation of 18 USC 1962 (b) "It shall be unlawful for any person
through a pattern of racketeering activity or through collection of an

1

unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce." Defendant Cher Koon Teo frequently travels to the United Stated and the European Union. Defendant Cher Koon Teo has several businesses that he controls that as a normal course of their business both imports and exports products from or into the United States.

Defendants Xin Juan and Xu Xiuchun are alleged to be in violation of 18 USC 1962 (d). "It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section."

Defendant ISDN Holdings Pte is a corporation controlled by defendant Cher Koon Teo. Defendant Cher Koon Teo is the majority shareholder and managing director. Defendant Kong Deyang is a director of ISDN Holdings Pte and Vice President of China Operations.

Defendant Maxon Motor AG is a corporation that has several joint ventures throughout Asia with defendants Cher Koon Teo and ISDN Holdings Pte. Defendant Maxon Motors AG employs Defendant Kong Deyang as the manager of China operations.

2. Defendant Cher Koon Teo is alleged to be in violation of California Civil Code 1710-4 A promise, made without any intention of performing. 18 USC 1343 Wire Fraud. 18 USC 1346 Definition of "Scheme or artifice to defraud". California Penal Code 182 (a) (4) Conspiracy, if two or more persons conspire to defraud any person of property. Defendant Cher Koon

2

Teo allegedly committed these acts either while physically present in the United States or through e-mail and or phone conversations that utilized the "wires" of the United States.

Defendant Kong Deyang is alleged to be in violation of California Civil Code 1710-4 A promise, made without any intention of performing. California Penal Code 182 (a) (4) Conspiracy, if two or more persons conspire to defraud any person of property. 18 USC 1343 Wire Fraud. 18 USC 1346 Definition of "Scheme or artifice to defraud".   Defendant Kong Deyang allegedly committed these acts through e-mail and or phone conversations that utilized the "wires" of the United States.  In discovery, it may be reveled the extent and exact methods utilized in the conspiracy.

Defendant Xin Juan is alleged to be in violation of California Civil Code 1710-4 A promise, made without any intention of performing. California Penal Code 182 (a) (4) Conspiracy, if two or more persons conspire to defraud any person of property. 18 USC 1343 Wire Fraud. 18 USC 1346 Definition of "Scheme or artifice to defraud".   Defendant Xin Juan allegedly committed these acts through e-mail and or phone conversations that utilized the "wires" of the United States.  Defendant Xin Juan may have committed these acts while physically present in the United States.  In discovery, it may be reveled the extent and exact methods utilized in the conspiracy.

Defendant Xu Xiuchun is alleged to be in violation of California Penal Code 182 (a) (4) Conspiracy, if two or more persons conspire to defraud any person of property. During hearings in the Peoples Republic of China,

3

Defendant Xu Xiuchun of Jiangsu Suzhou Zidong Law Firm who represents Mr. Cher Koon Teo's interests deliberately presented several blatantly false statements and submitted unsupported and or fabricated documents. Mr. Xu Xiuchun of Jiangsu Suzhou Zidong Law Firm acted not as a legal advocate but as a co-conspirator to the fraud originated by Mr. Cher Koon Teo. As per Clark v. United States (1933), renders the attorney client privilege between defendant Cher Koon Teo and Defendant Xu Xiuchun moot. Mr. Xu Xiuchun acted in the furtherance of a conspiracy to defraud. Additionally, the summons, complaint and the USM94 were served by personal service on defendant Xu Xiuchun at approximately 1:30 pm on June 25, 2009. Defendant Xu Xiuchun then threatened physical harm to James Wang, a Chinese Lawyer. At approximately 4:00 pm, defendant Xu Xiuchun physically assaulted the process server Lee Boon Far, a Malaysian citizen, at the entrance to Suzhou Intermediate People's Court. The Suzhou police reported that the surveillance video where the assault took place had malfunctioned and was not available. A police report was filed and a requested was made for a copy of it. This was denied. On September 11, 2009 another request was made again for a copy of the surveillance video and a copy of the police report. This was again denied. The United States Embassy in Beijing, the United States Consulate in Shanghai and the Malaysian Embassy in Beijing have been made fully aware of this incident.

Additionally, a conversation was overheard between all or some of the individual defendants in this case regarding their knowledge of the Suzhou Police protecting Defendant Xu Xiuchun from any criminal or civil prosecution. This, together with the several hearings in the courts of the People's Republic of China lead to the conclusion that there is strong

circumstantial evidence of as a minimum of collusion or corruption between the individual defendants and the Government and/or Police in the City of Suzhou, People's Republic of China. As Defendants Cher Koon Teo and Kong Deyang frequently travel to both the United States and the European Union there may be violations of both the Foreign Corrupt Practices Act 1977 (United States) and the OECD Convention on Combating Bribery of Foreign Public Officials in International Business Transactions of which the United States is a signatory. Defendant Maxon Motors AG is a Switzerland registered corporation with several subsidiaries located in the United States. Switzerland is also a signatory of OECD Convention on Combating Bribery of Foreign Public Officials.

3. A list of additional alleged wrongdoers:

Lim Bee Tang is the financial officer of ISDN Holdings. Lim Bee Tang has refused to provide any accounting on the companies of USAS Motion Ltd - Suzhou, USAS Motion Ltd - Hong Kong and Accel-Technologies. The plaintiff, Frank Lopez is a minority shareholder in USAS Motion Ltd – Hong Kong. USAS Motion - Suzhou is 100% owned by USAS Motion Ltd – Hong Kong. Accel – Technologies is a third enterprise that was organized to further defraud the plaintiff, Frank Curtis Lopez of his rightful profits and intellectual property.

Jason Lim was hired by the defendant Cher Koon Teo, to extract the commercial intellectual property (sales information) from the Plaintiff, Frank Lopez. This was done without the approval of the general manager

and legal representative of the company or the board of directors. At the time, the plaintiff, Frank Lopez was the general manager, legal representative and a member of the board of directors. Neither the Defendants Cher Koon Teo nor Kong Deyang held any office or were members of the board of directors.

Xia Wuming was installed in USAS Motion – Suzhou to extract the technical intellectual property (engineering and manufacturing). This was done without the approval of the general manager and legal representative of the company or the board of directors. At the time, the plaintiff, Frank Lopez was the general manager, legal representative and a member of the board of directors. Neither the Defendants Cher Koon Teo nor Kong Deyang held any office or were members of the board of directors.

Miao Yuming is both an alleged wrongdoer and also a victim. Miao Yuming under the direction of the Defendants Cher Koon Teo and Kong Deyang transferred all technical intellectual property and also customer proprietary information to a third company, Servo Dynamics. He then destroyed and/or removed all technical information of several of the company's product lines. This was done without the approval of the general manager and legal representative of the company or the board of directors. At the time, the plaintiff, Frank Lopez was the general manager, legal representative and a member of the board of directors. Neither the Defendants Cher Koon Teo nor Kong Deyang held any office or were members of the board of directors.

Tan Bo Chong knowingly installed a computer system that transferred all commercial and intellectual property to a third company. This was done

6

without the approval of the general manager and legal representative of the company or the board of directors. At the time, the plaintiff, Frank Lopez was the general manager, legal representative and a member of the board of directors. Neither the Defendants Cher Koon Teo nor Kong Deyang held any office or were members of the board of directors.

Paton (last name unknown) is the IT engineer for Servo Dynamics (a third company controlled by ISDN Holdings) Paton surreptitiously installed a monitoring system on all of the companies computers that routinely all transferred all emails and data on the companies computers This was done without the approval of the general manager and legal representative of the company or the board of directors. At the time, the plaintiff, Frank Lopez was the general manager, legal representative and a member of the board of directors. Neither the Defendants Cher Koon Teo nor Kong Deyang held any office or were members of the board of directors.

Zhang Qiong is the account for USAS Motion. Zhang Qiong together with defendants Cher Koon Teo, Xin Juan and Kong Deyang fraudulently registered the company USAS Motion Ltd – Suzhou. This was done without the approval of the general manager and legal representative of the company or the board of directors. At the time, the plaintiff, Frank Lopez was the general manager, legal representative and a member of the board of directors. Neither the Defendants Cher Koon Teo, Xin Juan nor Kong Deyang held any office or were members of the board of directors.

4. Frank Lopez, the plaintiff, was defrauded of his intellectual property. Frank Lopez lost his livelihood. The plaintiff, Frank Lopez is concerned for his

safety.  The United States Consulate in Shanghai has advised him to leave the People's Republic of China.

Miao Yuming was defrauded by the Defendants Cher Koon Teo and Kong Deyang.  An agreement was reached between Miao Yuming and Defendants Cher Koon Teo and Kong Deyang where Miao Yuming would join the company, USAS Motion Ltd – Suzhou for 5% ownership.   After joining the company, the Defendants Cher Koon Teo and Kong Deyang informed both Miao Yuming and Frank Lopez that is was illegal under the laws of the People's Republic of China for a Chinese citizen to own shares in a foreign company.  The defendants Cher Koon Teo and Kong Deyang knew this to be false as Kong Deyang owns shares in several foreign companies.

Lee Boon Far is the Malaysian citizen who served the court documents for this action was beaten by the Defendant Xu Xiuchun.   Additional, because of the actions by the police in the city of Suzhou, Lee Boon Far is afraid to travel into the area around Suzhou People's Republic of China.

James Wang was threatened with physical harm by the Defendant Xu Xiuchun.  Additional, because of the actions by the police in the city of Suzhou, James Wang is afraid to travel into the area around Suzhou People's Republic of China.

5. a, b, c        On or About November 21 2005. Defendant Cher Koon Teo entered into a conversation with the plaintiff, Frank Lopez to form a Joint Venture.  From a preponderance of his subsequent actions, Defendant Cher Koon Teo never intended to form a joint venture but to defraud the plaintiff,

Frank Lopez of his Honest Services.  At the time Frank Lopez resided in San Diego California.  This is allegedly violation of California Civil Code 1710-4 A promise, made without any intention of performing it. 18 USC 1343 Wire Fraud. 18 USC 1346 Definition of "Scheme or artifice to defraud"

On November 22, 2005 an e-mail was sent by Defendant Cher Koon Teo stating that he wished a meeting to discuss a joint venture with the plaintiff, Frank Lopez. An e-mail dated January 20, 2008 from Lim Bee Tang stating, under the direction of Defendant Cher Koon Teo, that the company USAS Motion Ltd is a subsidiary of ISDN Holdings not a Joint Venture. This is allegedly violation of California Civil Code 1710-4 A promise, made without any intention of performing it. 18 USC 1343 Wire Fraud and18 USC 1346 Definition of "Scheme or artifice to defraud"

In February 2006 in Los Angeles, Orange and San Diego counties a discussion with Defendant Cher Koon Teo, The plaintiff, Frank Lopez and two other Americans.  During that discussion Defendant Cher Koon Teo agreed to a Joint Venture between ISDN Holding and The plaintiff, Frank Lopez.  From a preponderance of his subsequent actions, Defendant Cher Koon Teo never intended to form a joint venture but to defraud the plaintiff, Frank Lopez and the two other Americans of their Honest Services.  This was followed up with an e-mail dated February 20, 2006.  This is allegedly violation of California Civil Code 1710-4 A promise, made without any intention of performing it.  18 USC 1341 Fraud 18 USC 1346 Definition of "Scheme or artifice to defraud"

9

On March 1, 2006 the plaintiff, Frank Lopez received an e-mail that contained a letter from Defendant Kong Deyang to the Chinese Embassy in the United State inviting the plaintiff, Frank Lopez and another American to China. In that letter it states that the plaintiff, Frank Lopez is the CEO of USAS Motion Ltd. Defendant Kong Deyang entered into a conspiracy with Defendant Cher Koon Teo to defraud the plaintiff, Frank Lopez. Registration of USAS Motion Ltd shows Defendant Cher Koon Teo as the CEO not the plaintiff, Frank Lopez. The plaintiff, Frank Lopez first learned of the registration with Defendant Cher Koon Teo as the CEO on February 2, 2009 during a hearing on labor arbitration at the Huqiu District People's Court, Suzhou City, Jiangsu Province  Presiding Judge: Gao Liqing, Case No.: (2009) Hu-Min-Yi-Chu 0196. This is allegedly violation of California Penal Code 182 (a) (4) Conspiracy. If two or more persons conspire to defraud any person of property. California Civil Code 1710-4 A promise, made without any intention of performing it.18 USC 1343 Wire Fraud, 18 USC 1346 Definition of "Scheme or artifice to defraud"

In March 2006, Defendant Cher Koon Teo informed the plaintiff, Frank Lopez that there was a delay in having the Hong Kong Corporation registered and the plaintiff, Frank Lopez and the other American should still come to China and the contracts could be signed there. It had been agreed that the contracts and the company registration would be completed before the plaintiff, Frank Lopez relocated to the Peoples Republic of China. As the registration of USAS Motion Ltd – Hong Kong clearly shows that the registration was completed on March 24 2006, 4 days before the plaintiff, Frank Lopez's departure for the Peoples Republic of China. Defendant Cher Koon Teo has been operating business in the People Republic of China for

nearly 20 years and is well versed in the legal system of the People's Republic of China.  Having the contracts signed in the Peoples Republic of China put the plaintiff, Frank Lopez at an extreme disadvantage.   Defendant Cher Koon Teo deliberately deceived the plaintiff, Frank Lopez by his statement that the contracts were not ready. This is allegedly violation of California Civil Code 1710-4 A promise, made without any intention of performing it. California Civil Code 1572-4, 5 Actual Fraud.

18 USC 1341 Fraud, 18 USC 1343 Wire Fraud, 18 USC 1346 Definition of "Scheme or artifice to defraud"

Between May 2006 and December 2006 USAS Motion Ltd – Suzhou was registered in the People Republic of China.  During the registration process Defendant Xin Juan conspired with Defendant Kong Deyang and Defendant Cher Koon Teo to falsely portray the registration to the plaintiff, Frank Lopez. In this conspiracy Defendant Xin Juan utilized the e-mail system on USAS Motion.  The e-mail server for USAS Motion is though a United States based web hoisting company and the e-mail server in located in the United States. While the e-mails between Defendant Xin Juan and Defendant Cher Koon Teo and Defendant Kong Deyang originated and were received outside of the United States they did travel through the United States and therefore fall under the laws of the United States. Over a period of two year Defendant Xin Juan repeatedly tried to convince the plaintiff, Frank Lopez to have a Chinese based web server.  This is allegedly violation of California Penal Code 182 (a) (4) Conspiracy.  If two or more persons conspire to defraud any person of property. 18 USC 1341 Fraud, 18 USC 1343 Wire Fraud, 18 USC 1346 Definition of "Scheme or artifice to defraud"

In September 2006 The plaintiff, Frank Lopez was informed by Defendant Kong Deyang and Defendant Cher Koon Teo that they had hired two engineers for USAS Motion Ltd – Suzhou to develop another product line. These discussions were conducted throughout September and October 2006 while the plaintiff, Frank Lopez was in the China, United States and Europe. The plaintiff, Frank Lopez informed Defendant Cher Koon Teo that while these products were part of the company business plan; these products were not scheduled to be developed until 2008.  The plaintiff, Frank Lopez also stated that the company did not have adequate financial resources to develop these products at this time.  Defendant Cher Koon Teo stated that ISDN Holdings would invest additional capitol into USAS Motion Ltd – Hong Kong.  The addition capitol was never invested.  The plaintiff, Frank Lopez only met with one of the new engineers, Mr. Yuming Miao once before his start date and was not privy to any of the negations.  The plaintiff, Frank Lopez was informed by Defendant Cher Koon Teo and Defendant Kong Deyang that Mr. Miao Yuming was to receive 5% ownership in USAS Motion Ltd – Suzhou.  This transfer of assets of the USAS Motion Ltd – Hong Kong was never discussed with the directors of USAS Motion Ltd – Hong Kong.  Defendant Cher Koon Teo just did it.  Mr. Miao Yuming started working on October 9 2006 while the plaintiff, Frank Lopez was traveling on company business in Europe and the United States.  In late October 2006 Defendants Cher Koon Teo and Kong Deyang informed both Miao Yuming and Frank Lopez that is was illegal under the laws of the People's Republic of China for a Chinese citizen to own shares in a foreign company.  The defendants Cher Koon Teo and Kong Deyang knew this to

be false as Kong Deyang owns shares in several foreign companies.  This is a second instance and victim of the fraudulent activities by the defendants.

Throughout spring and summer 2007 under the direction of Defendant Cher Koon Teo and supervision of Defendant Kong Deyang, an ERP computer system was installed.  This system was reportedly a manufacturing and inventory program.  It also secretly transmitted all of the engineering data to ISDN Holdings Pte and A third Company.  We were informed of the ERP system over the USAS Motion e-mail server and therefore the fraudulent e-mails were sent through the United States. This is allegedly violation of 18 USC 1341 Fraud 18 USC 1343 Wire Fraud, 18 USC 1346 Definition of "Scheme or artifice to defraud"

In April 2008, The plaintiff, Frank Lopez was informed by Defendant Cher Koon Teo that all of the intellectual property of USAS Motion would by transferred to a third company, Servo Dynamics, also Servo Dynamics personnel would be trained in all aspects of the manufacturing processes. The plaintiff, Frank Lopez refused to allow this.  The plaintiff, Frank Lopez had signed several Non-Disclosure agreements various companies.  The plaintiff, Frank Lopez contacted the European sales representative on this issue and was informed that this was illegal under German law the European representative could be held liable for any damages incurred.  This is allegedly violation of 18 USC 1343 Wire Fraud.

During hearings at the Huqiu District People's Court - People's Republic of China on Feb 6, 2009, Defendant Xu Xiuchun of Jiangsu Suzhou Zidong Law Firm who represents Defendant Cher Koon Teo's interests deliberately

13

presented several blatantly false statements and submitted unsupported and
fabricated documents.  Defendant Xu Xiuchun of Jiangsu Suzhou Zidong
Law Firm acted not as a legal advocate but as a co-conspirator to the fraud
originated by Defendant Cher Koon Teo.  As per Clark v. United States
(1933), renders the attorney client privilege between defendant Cher Koon
Teo and Defendant Xu Xiuchun moot.  Defendant Xu Xiuchun acted in the
furtherance of a conspiracy to defraud the plaintiff, Frank Curtis Lopez.

In February 2009, it was discovered that according to the Hong Kong
Register of Companies the plaintiff, Frank Lopez had resigned from the
directors of USAS Motion Ltd – Hong Kong in June 2008.  The plaintiff,
Frank Lopez had not knowledge of this prior to February 2009.  Defendant
Cher Koon Teo fraudulently submitted the resignation of the plaintiff, Frank
Lopez to the Hong Kong securities commission. This shows a clear violation
of the Shareholders Agreement for USAS Motion Ltd – Hong Kong and is
further proof of the fraudulent activities of Defendant Cher Koon Teo.

On April 19, 2009 it was discovered that a new company, Accel
Technologies. had been set up in Singapore selling into the United States
market product that were developed at USAS Motion Ltd – Suzhou during
the time the plaintiff, Frank Lopez was the legal representative.  Accel
Technologies China has the same physical address as USAS Motion Ltd –
Suzhou has.  Accel Technologies Asia has the same physical address as
Servo Dynamics – Singapore, another of ISDN Holdings companies. The
products on the Accel Technologies web site clearly show a USAS Motion
label.  This seems to be a first step is transferring all assets and profits from
USAS Motion Ltd – Hong Kong of which the plaintiff, Frank Lopez remains

a share holder. This is further evidence that the fraudulent activities of Defendant Cher Koon Teo and Defendant ISDN Holdings in ongoing

The summons, complaint and the USM94 were served by personal service on defendant Xu Xiuchun at approximately 1:30 pm on June 25, 2009. Defendant Xu Xiuchun then threatened physical harm to James Wang, a Chinese Lawyer.  At approximately 4:00 pm, defendant Xu Xiuchun physically assaulted the process server Lee Boon Far, a Malaysian citizen, at the entrance to Suzhou Intermediate People's Court in full view of several officers of the Suzhou Police Department.  The Suzhou police reported that the surveillance video where the assault took place had malfunctioned and was not available.   A police report was filed and a requested was made for a copy of it.  This was denied.   On September 11, 2009 third request was made for a copy of the surveillance video and a copy of the police report. This was again denied.  The United States Embassy in Beijing, the United States Consulate in Shanghai and the Malaysian Embassy in Beijing have been made fully aware of this incident.  On June 30, 2009, The United States Consulate in Shanghai advised the plaintiff, Frank Lopez that he may wish to consider leaving the People's Republic of China for his own safety.

On June 30, 2009 the plaintiff, Frank Lopez was informed of a conversation was overheard between the individual defendants in this case regarding their knowledge of the Suzhou Police protecting Defendant Xu Xiuchun from any criminal or civil prosecution. This, together with the several hearings in various courts of the People's Republic of China leads to the conclusion that there is strong circumstantial evidence that there may be a pattern of collusion or even corruption between the individual defendants in this case

15

and the Courts and/or Police in the City of Suzhou, People's Republic of China.  As Defendants Cher Koon Teo and Kong Deyang frequently travel to both the United States and the European Union there may be violations of both the Foreign Corrupt Practices Act 1977 (United States) and the OECD Convention on Combating Bribery of Foreign Public Officials in International Business Transactions of which the United States is a signatory.   Defendant Kong Deyang is an officer of Maxon Motor China which is a subsidiary of the Defendant Maxon Motors AG.  Defendant Maxon Motors AG is a Switzerland registered corporation with several subsidiaries located in the United States.  Switzerland is also a signatory of OECD Convention on Combating Bribery of Foreign Public Officials.

5. d     There has not been a criminal conviction for violation of the predicate acts.

5. e     There has not been any civil litigation has resulted in a judgment in regard to the predicate acts.

5. f, g     On March 24 2006 Defendant Cher Koon Teo formed an enterprise to Defraud the plaintiff, Frank Lopez of his intellectual property, USAS Motion Ltd – Hong Kong.  Defendant Cher Koon Teo perpetrated the fraud in the United States or through wire transmissions through the United States. It has been shown that a second victim, Miao Yuming, was also lured into an agreement with the defendants Cher Koon Teo and Kong Deyang and was defrauded. It has been shown that a second enterprise, Accel Technologies has been formed to further defraud both the plaintiff, Frank Lopez and Miao Yuming of their profits from USAS Motion Ltd – Hong Kong and USAS

16

Motion - Suzhou. It has also shown that an e-mail address, usa@accel-tec.com, is directed at the United States Market and that it is the intention of Defendant Cher Koon Teo to supply products that originated from the fraud perpetrated by Defendant Cher Koon Teo upon the plaintiff, Frank Lopez into the United States.

It has been shown that there are at least eight clear and separate instances of fraud by the Defendant Cher Koon Teo, Defendant Kong Deyang and Defendant Xin Juan in less that a four year period against the plaintiff, Frank Lopez. Defendant Cher Koon Teo and Defendant Kong Deyang through several companies purchase from and supply many products between the United States and several other countries. The defendant Cher Koon Teo and Defendant ISDN Holdings Pte have other "Joint Venture" agreements with several other companies and individuals from various countries including the United States. These other companies / individuals may be additional victims of fraud. This show a clear pattern of an ongoing fraud that has and remains engaged in foreign commerce

This is allegedly a violation of:

18 USC 1962 (b) RICO. It shall be unlawful for any person through a pattern of racketeering. These activities affect interstate and foreign commerce.

18 USC 1694 (c) RICO Civil remedies. The burden of 18 USC 1692 has been met.

/////
/////
/////
/////

6.  a, b

USAS Motion Ltd – Suzhou

    USAS Motion Ltd – Suzhou is 100% owned by USAS Motion Ltd – Hong Kong

    USAS Motion Ltd – Suzhou manufactures in the People's Republic of China and exports globally including the United States

USAS Motion Ltd. – Hong Kong

    USAS Motion Ltd – is 95% owned by MCG Pte located in Singapore

    5% owned by the plaintiff, Frank Lopez

    MCG is 100% owned by ISDN Holdings Pte

    ISDN Holdings Pte is a publicly traded corporation located in Singapore

    Defendant Cher Koon Teo holds $\approx$ 53% of ISDN Holding Pte

    The Director of Maxon Motors AG is the second largest share holder of ISDN Holdings Pte.  Several Unites States companies are also share holders of ISDN Holdings Pte

    USAS Motion Ltd. – Hong Kong is a holding corporation.

Accel Technologies – China

    Accel Technologies – China has the same physical address as USAS Motion - Suzhou

    Status and ownership is unknown at this time which under discover will be revealed.

    Accel Technologies – China manufactures in the People's Republic of China and exports globally including the United States

18

Accel Technologies – Singapore

    Accel Technologies – Singapore has the same physical address as ISDN Holdings Pte.

    Status and ownership is unknown at this time which under discover will be revealed.

6.  c  Defendant Xin Juan was an employee of USAS Motion – Suzhou. The current status of the directors and employees of USAS Motion – Suzhou, USAS Motion – Hong Kong, Accel Technologies – China, Accel Technologies – Singapore is unknown at this time which under discover will be revealed.

Defendant Kong Deyang is an officer of Maxon Motors China which is a subsidiary of defendant Maxon Motor AG.

6.  d  Defendant Cher Koon Teo effectively and completely controls these 4 enterprises.  Defendant Cher Koon Teo personally controls all bank accounts.  Defendant Kong Deyang has the day to day control over the enterprises located in China.

6.  e, f  Defendant Cher Koon Teo is a member of these enterprises and is a perpetrator.

Defendant Kong Deyang is a member of these enterprises and is a perpetrator.

Defendant Xin Juan is a member of these enterprises and is a perpetrator.

Defendant ISDN Holdings Pte is a member of these enterprises and is a perpetrator.

Defendant Xu Xiuchun is not a member of these enterprises.

Defendant Maxon Motors AG is not a member of these enterprises.

7.     The pattern of racketeering seems to have been merged under ISDN Holdings Pte.  The pattern is that Defendant Cher Koon Teo lures unsuspecting business person and technical persons into "Joint Ventures". Once defendant Cher Koon Teo has access to the technical and commercial intellectual property He will then remove the victim from the company thereby netting of the profits of the "joint Venture".

8.     The enterprises operate as a normal business.  The racketeering is in the pattern of establishing the "joint Ventures" through fraudulent means, then removing the victim through additional fraudulent means.

9.     The defendants Cher Koon Teo, Kong Deyang and ISDN Holdings how have complete control of the intellectual property of the victim and also the profits that result from that.

10.     ISDN Holdings and the other various enterprises market products globally and the victims of the allegedly fraudulent activity of the defendants are from several companies including the United States.

11.     The complaint does not allege a violation of 18 USC 1962 (a)

/////

/////

20

12.      The complaint does allege a violation of 18 USC 1962 (b)

The individual defendants Cher Koon Teo, Kong Deyang, Xin Juan and Xu Xiuchun seam to have a strong working relationship with local government and courts in the city of Suzhou People's republic of China.  In the various hearings before the courts in the City of Suzhou that the plaintiff brought against the defendants and the enterprises there is strong suspicion of judicial misconduct and bias in favor of the defendants.

13.      The complaint does not allege a violation of 18 USC 1962 (c)

14.      The complaint does allege a violation of 18 USC 1962 (d)

The four individual defendants worked together to establish and/or continue the alleged pattern of fraud and racketeering.  If any of the defendants would have revealed the deceptive actions of the others the alleged fraud would have been revealed and the damages sustained by the plaintiff, Frank Lopez may have been reduced.  The if due diligence would have been performed in regard to the actions of their offices and directors by the corporate defendants ISDN Holdings Pte and Maxon Motors AG then the alleged pattern of fraud and racketeering may not have been established.

15.      The plaintiff, Frank Lopez has sustained financial damages and the plaintiff's career has also been damaged.  The intellectual property of the plaintiff has been compromised.

////

/////

2

16.    If the alleged pattern of fraud and racketeering had not occurred then the plaintiff, Frank Lopez may not have entered into the business relationship with the defendants or at the least the plaintiff, Frank Lopez would have been more circumspect in regards to safeguarding his intellectual property.

17.    The plaintiff, Frank Lopez estimates the damages to be:

$ 1,260,000 for lost wages

$10,000,000 for lost profits

18.    California Civil Code 1710-4 A promise, made without any intention of performing.

18 USC 1341 Fraud

18 USC 1343 Wire Fraud.

18 USC 1346 Definition of "Scheme or artifice to defraud".

California Penal Code 182 (a) (4) Conspiracy, if two or more persons conspire to defraud any person of property.

In addition, there may be violations of both the Foreign Corrupt Practices Act 1977 (United States) and the OECD Convention on Combating Bribery of Foreign Public Officials in International Business Transactions of which the United States is a signatory. While these two statues are not a part of this action, they are relevant, in that the assistance of the Police and Courts located Suzhou, People's Republic of China was required for the allegedly fraudulent removal of the plaintiff, Frank Lopez from his position at USAS Motion - Suzhou.  A review of the transcripts of these cases would

reveal possible judicial misconduct. However, the court transcripts have been declared secret and even the taking of notes was not allowed. Also has the police report of the assault of Lee Boon Far has been declared secret.

19.    There are no pending state claims

20.    On March 24 2006 Defendant Cher Koon Teo formed an enterprise to defraud the plaintiff, Frank Lopez of his intellectual property, USAS Motion Ltd – Hong Kong. Defendant Cher Koon Teo perpetrated the fraud in the United States or through wire transmissions through the United States. It has been shown that a second victim, Miao Yuming, was also lured into an agreement with the defendants Cher Koon Teo and Kong Deyang and was defrauded. It has been shown that a second enterprise, Accel Technologies has been formed to further defraud both the plaintiff, Frank Lopez and Miao Yuming of their profits from USAS Motion Ltd – Hong Kong and USAS Motion - Suzhou. It has also shown that an e-mail address, usa@accel-tec.com, is directed at the United States Market and that it is the intention of Defendant Cher Koon Teo to supply products that originated from the fraud perpetrated by Defendant Cher Koon Teo upon the plaintiff, Frank Lopez into the United States.

It has been shown that there are at least eight clear and separate instances of fraud by the Defendant Cher Koon Teo, Defendant Kong Deyang and Defendant Xin Juan in less that a four year period against the plaintiff, Frank Lopez. Defendant Cher Koon Teo and Defendant

Kong Deyang through several companies purchase from and supply many products between the United States and several other countries. The defendant Cher Koon Teo and Defendant ISDN Holdings Pte have other "Joint Venture" agreements with several other companies and individuals from various countries including the United States. These other companies / individuals may be additional victims of fraud. This show a clear pattern of an ongoing fraud that has and remains engaged in foreign commerce

This is allegedly a violation of:

18 USC 1962 (b) RICO.  It shall be unlawful for any person through a pattern of racketeering.  These activities affect interstate and foreign commerce.

18 USC 1694 (c) RICO Civil remedies. The burden of 18 USC 1692 has been met.

I declare under pain of perjury under the laws of the United States that the foregoing is true and correct.

Executed on October 13, 2009

Frank Curtis Lopez

Pro Se

24